■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL ROSADO, Appellant. [673 NYS2d 1001] —Judgment, Supreme Court, Bronx County (Steven Lloyd Barrett, J.), rendered October 2, 1995, convicting defendant, upon his plea of guilty, of robbery in the first degree, and sentencing him, as a second felony offender, to a term of 7 to 14 years, unanimously affirmed.

Defendant's suppression motion was properly denied. We see no reason to disturb the court's determinations crediting the testimony of the arresting officer (*see, People v Prochilo*, 41 NY2d 759, 761). We perceive no abuse of sentencing discretion. Concur—Milonas, J. P., Nardelli, Wallach and Saxe, JJ.

■ HERZOG, HEINE, GEDULD, INC., et al., Appellants, v NCC INDUSTRIES, INC., et al., Defendants, and TRIUMPH INTERNATIONAL OVERSEAS, LTD., et al., Respondents. [673 NYS2d 910] —Order, Supreme Court, New York County (Herman Cahn, J.), entered April 22, 1997, which, in an action for breach of fiduciary duty by plaintiffs minority shareholders against, among others, defendants-respondents majority shareholders, director and officer of the subject corporation, insofar as appealed from, granted defendants-respondents' motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, with costs.

The action was properly dismissed on the ground that under Delaware law, majority shareholders have no nonderivative fiduciary duty to share proportionately with minority shareholders the "control premium" received from the sale of a majority share in the corporation (*see, Thorpe v CERBCO, Inc.*, 676 A2d 436, 441). Nothing in the complaint can be fairly construed as alleging that the corporation was harmed by the sale, only that plaintiffs were harmed in being deprived of a proportionate share of the price premium defendants received for control of the corporation (*compare, supra*). Concur—Milonas, J. P., Nardelli, Wallach and Saxe, JJ.